09-5348-cr
United States v. Blow

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges,*
> RICHARD K. EATON,
> > *Judge.\**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   *Appellee,*

 v.                  No. 09-5348-cr

MICHAEL A. BLOW,

   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**FOR DEFENDANT-APPELLANT:**     MICHAEL L. DESAUTELS, Federal Public Defender, Office of the Federal Public Defender, District of Vermont, Burlington, VT.

**FOR APPELLEE:**     WILLIAM B. DARROW, Assistant United States Attorney (Tristram J. Coffin, United States Attorney, and Gregory L. Waples, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Michael A. Blow ("defendant" or "Blow") appeals from a judgment of the District Court convicting him, pursuant to his guilty plea, of conspiring to distribute five grams or more of cocaine base, possessing five grams or more of cocaine base with intent to distribute, and four counts of distribution in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Blow was sentenced principally to imprisonment for 130 months. On appeal, Blow claims that his sentence was procedurally and substantively unreasonable because (a) the District Court allegedly did not consider his age in determining the appropriate sentence and (b) the 130-month sentence was allegedly greater than necessary to serve the purposes of sentencing under 18 U.S.C. § 3553(a) given the amount of time served by defendant for prior convictions, his age, and the disparity between crack and powder cocaine sentences under the U.S. Sentencing Guidelines.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence and reverse only when the Court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

After careful consideration of the record, the District Court reduced the applicable sentencing range from 188-235 months to 130-162 months, imposing the lowest possible Guidelines sentence at 130 months. We conclude that the District Court's sentencing was procedurally sound, and that the sentence imposed, although higher than what defendant would have liked, was not substantively unreasonable.

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court